**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| JAMES M. THOMPSON ENTERPRISES, INC., | Case No.  9:19-bk-09351-FMD |
| Debtor.<br>_____/ | |
| In re: | Chapter 11 |
| JAMES M. THOMPSON ONE, LLC, | Case No.  9:19-bk-09353-FMD |
| Debtor.<br>_____/ | |
| In re: | Chapter 11 |
| JAMES M. THOMPSON TWO, LLC, | Case No.  9:19-bk-09354-FMD |
| Debtor.<br>_____/ | |
| In re: | Chapter 11 |
| JAMES M. THOMPSON THREE, LLC, | Case No.  9:19-bk-9355-FMD |
| Debtor.<br>_____/ | |
| In re: | Chapter 11 |
| JAMES M. THOMPSON FOUR, LLC, | Case No.  9:19-bk-09357-FMD |
| Debtor.<br>_____/ | |
| In re: | Chapter 11 |
| JAMES M. THOMPSON CAPE CORAL, LLC, | Case No.  9:19-bk-09358-FMD |
| Debtor.<br>_____/ | |

## EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

### EMERGENCY HEARING REQUESTED

James M. Thompson Enterprises, Inc. ("***JMTE***"), James M. Thompson One, LLC ("***JMT1***"), James M. Thompson Two, LLC ("***JMT2***"), James M. Thompson Three, LLC, ("***JMT3***"), James M. Thompson Four, LLC ("***JMT4***"), and James M. Thompson Cape Coral, LLC ("***JMTCC***" and, collectively with JMTE, JMT1, JMT2, JMT3, and JMT4, the "***Debtors***"), the above-captioned debtors and debtors-in-possession, by and through their proposed undersigned bankruptcy counsel, hereby file their *Emergency Motion For Authority To Use Cash Collateral And Providing Adequate Protection* ("***Motion***") and in support therefor respectfully state as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein include, without limitation, Sections 105(a) and 363 of Title 11 of the United States Code ("***Bankruptcy Code***") and Rule 4001(d)(1)(D) of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***").

### BACKGROUND

3.      On October 1, 2019, each of the Debtors filed their respective Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code ("***Petition Date***") and, pursuant to Bankruptcy Code §§1107(a) and 1108, are operating their businesses and managing their affairs as Debtors-in-Possession.

2

4.  As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this case.

5.  Upon information and belief, the following creditors may claim blanket liens against the Debtors' assets:

| Claimant | Claim Amount[1] | Companies Subject to Lien |
|---|---|---|
| Huntington Bank (Account Ending in 9653) | $1,134,250.25 | JMT1, JMT2 |
| Huntington Bank (Account Ending in 4074) | $2,287,136.91 | JMTCC |
| Huntington Bank (Account Ending in 4180) | $45,000.00 | JMT3 |
| World Global Capital LLC d/b/a ABC Merchant Solutions | $59,600.00 | JMT1, JMT2, JMT3, JMTCC |
| Fox Capital Group | $74,000.00 | JMTE, JMT1, JMT2, JMT3, JMT4, JMTCC |
| VBJ Consulting, LLC d/b/a Yarrow Financial (Loan 1) | $88,200.00 | JMTE, JMT1, JMT2, JMT3, JMT4, JMTCC |
| 1st Merchant Funding LLC | $199,500.00 | JMT1 |
| Kalamata Capital LLC | $140,600.00 | JMTE, JMT1, JMT2, JMT3, JMT4, JMTCC |
| VBJ Consulting, LLC d/b/a Yarrow Financial (Loan 2) | $306,000.00 | JMT2 |
| DMKA LLC d/b/a The Smarter Merchant (Loan 1) | $146,000.00 | JMTE, JMT1, JMT2, JMT3, JMT4 |
| VBJ Consulting, LLC d/b/a Yarrow Financial (Loan 3) | $340,000.00 | JMT3 |
| DMKA LLC d/b/a The Smarter Merchant (Loan 2) | $181,250.00 | JMTE, JMT1, JMT2, JMT3, JMT4 |
| VBJ Consulting, LLC d/b/a Yarrow Financial (Loan 4) | Amount Unknown at This Time | JMT4 |
| Libertas Funding LLC | $257,707.00 | JMT3 |

---

[1] The Debtor is still in the process of determining the exact amounts owed to the Claimants.

(collectively, the "***Secured Creditors***"). The Debtors reserve the right to challenge the validity, priority and extent of the Secured Creditors' alleged liens against the Debtors' assets.

## RELIEF REQUESTED

6.     The Debtors seek an order of this Court authorizing the Debtors to use cash, accounts receivable, and other income derived from the Debtors' operations to fund its operating expenses and costs of administration in this Chapter 11 case for the duration of the chapter 11 case ("***Cash Collateral***") pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 4001(b)(2) and Local Rule 4001-3, since any cash collateral generated by the Debtors may constitute the cash collateral of the Secured Creditors.

### Terms and Use of Cash Collateral and Offer of Adequate Protection

7.     To ensure the Debtors remain in business, it is imperative that they have the use of the Cash Collateral.

8.     As adequate protection for the use of cash collateral, the Debtors offer the Secured Creditors the following:

   a.  Post-petition replacement liens to the same extent, validity and priority as existed pre-petition;

   b.  The right to inspect the Secured Creditors' collateral on five (5) day notice, provided that said inspection does not interfere with the operations of the Debtor; and,

   c.  Copies of monthly financial documents generated in the ordinary course of business and other information as the Secured Creditors reasonably request with respect to the Debtors' operations.

4

**Purposes for the Use of Cash Collateral and Cash Flow Budget**

9.      As set forth in the budget, a copy of which will be filed with the Court prior to the requested hearing on this Motion ("***Budget***"), the Debtors require the use of cash collateral to fund all necessary operating expenses of the Debtors' business.  The Budget reflects general line items reflecting the projections of the Debtors' normal operating expenses for the period covered by the Budget.  The Debtors' expenditures will be in reasonable compliance with Budget.

10.      The use of such Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtors' estate.  The Cash Collateral will be used to maintain business operations and preserve value of the estate.  Among other things, the Debtors propose to use Cash Collateral in accordance with the Budget for payment of necessary operations, payroll, insurance, and ordinary business expenses related to their operations.  This motion is filed without prejudice to the Debtors' right to request further authority to use Cash Collateral in excess of the amounts sought herein.

11.      The Debtors request authority to use Cash Collateral immediately to pay the expenses set forth in the Budget as payment of such expenses is necessary to maintain its business, maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its estate.

12.      To ensure the Debtors operate effectively throughout this bankruptcy proceeding, the Debtors also request permission to:

a.      exceed any line item on the budget by an amount equal to ten percent (10%) of each such line item; or

b.      to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total budget.

13.     The Debtors' use of property of the estate is governed by Section 363 of the

Bankruptcy Code, which provides, in pertinent part:

> If the business of the debtor is authorized to be operated under section . . . 1108
> . . . of this title and unless the court orders otherwise, the [debtor] may enter
> into transactions, including the sale or lease of property of the estate, in the
> ordinary course of business, without notice or a hearing, any may use property
> of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

14.     Debtors-in-possession have all the rights and powers of a trustee with respect to

property of the estate, including the right to use property of the estate in compliance with Section

363 of the Bankruptcy Code.  *See* 11 U.S.C. § 1107(a).

15.     When Chapter 11 debtors-in-possession are authorized to operate their business,

they may use property of the estate in the ordinary course of business, but they are prohibited from

using cash collateral absent consent of the secured creditor or court authorization.  *In re Kahn*, 86

B.R. 506 (Bankr. W.D. Mich. 1988); *In re Westport-Sandpiper Associates Ltd. P'Ship*, 116 B.R.

355 (Bankr. D. Conn. 1990) (debtor may not use cash collateral unless entity that has interest in it

consents or debtor proves that interest of the entity is adequately protected).

16.     "Cash collateral" is defined by the Bankruptcy Code as, "cash, negotiable

instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever

acquired in which the estate and an entity other than the estate have an interest and includes the

proceeds, products, offspring, rents, or profits of property…" 11 U.S.C. § 363(a).  Any cash

collateral generated by the Debtors may constitute the cash collateral of the alleged secured

creditors.

## APPLICABLE AUTHORITY FOR RELIEF REQUESTED

**A.  The Court Should Enter an Order Authorizing the
Use of Cash Collateral Because the Debtors are Providing
the Secured Creditor with Adequate Protection.**

17.     The Bankruptcy Code does not define "adequate protection", but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditors' interest in such property. *See* 11 U.S.C. § 361.

18.     Adequate protection is to be determined on a case-by-case factual analysis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin, 761 F.2d 472 (8th Cir. 1985).*  For example, in *O'Connor*, the court held that "[i]n order to encourage the Debtors' efforts in the formative period prior to the proposal of a reorganization, the court must be flexible in applying the adequate protection standard." *In re O'Connor, 808 F.2d at 1936* (citations omitted).  *See also In re Quality Interiors, Inc.*, 127 B.R. 391 (Bankr. N.D. Ohio 1991) (holding that the granting or a replacement lien provided adequate protection).

19.     Adequate protection is meant to ensure that the secured creditors receive the value for which it originally bargained pre-bankruptcy. *Swedeland Development Group, Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994) (citing *In re O'Connor*, 808 F.2d 393, 1396-97 (10th Cir. 1987)).  Courts have noted that the essence of adequate protection is the assurance of the maintenance and continued responsibility of the lien value during the interim period between the filing and the confirmation of a plan.  *In re Arrienes*, 25 B.R. 79, 81 (Bankr. D. Or. 1982).  The purpose of adequate protection requirement is to protect secured creditors from diminution of value during the use period. *See In re Kain*, 86 B.R.506, 513 (Bankr. W.D. Mich. 1988*); In re Becker Indus.*

*Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Ledgmere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

20.     The Debtors submit that the adequate protection they are offering at this time is sufficient until the Debtors can stabilize and engage in negotiations with the Secured Creditors.

**B.    The Use of Cash Collateral will Preserve the
        Debtors' Going Concern Value Which will Inure
        to the Benefit of the Secured Creditors.**

21.     The continued operation of the Debtors' business will preserve their going concern value, enable the Debtors to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtors' ability to confirm a Chapter 11 plan.  If the Debtors are not allowed to use cash collateral, they will be unable to operate, which would potentially cause harm to the estate.

22.     It is well-established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtors as a going concern:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use cash collateral in its effort to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

*In re George Ruggiere Chrysler-Plymouth, Inc.,* 727 F.2d 1017, 1019 (11th Cir. 1984).

23.     Accordingly, courts typically authorize the use of cash collateral to enhance or preserve debtors' going concern value.  For example, in *In re Stein*, 19 B.R. 458 (Bankr. E.D. Pa. 1982), the Court allowed a debtor to use cash collateral where the secured party was undersecured, finding that the use of cash collateral was necessary to the debtor's continued operations and the creditor's secured position can only be enhanced by the continued operation of the debtor's business.  *Id.* at 460; *see also Federal Nat. Mort. v. Dacon Bolingbrook Assoc.*, 153 B.R. 204, 204

(N.D. Ill. 1993) (security interest protected to extent debtor reinvested rents in operation and maintenance of the property); *In re Constable Plaza Assoc*., 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991) (debtor's reinvestment of rents to maintain and operate office building will serve to preserve or enhance the value of the building which, in turn, will protect the collateral covered by [the] mortgage; *In re Dynaco Corp*., 162 B.R. 389, 395-96 (Bankr. D. N.H. 1983)(finding that the alternative to the debtor's use of cash collateral, termination of its business, would doom reorganization and any chance to maximize value for all creditors); *In re Karl A. Neise, Inc*., 156 B.R. 600, 602 (Bankr. S.D. Fla. 1981)(marginally secured creditor adequately protected by lien on postpetition property acquired by debtor, debtors can use cash collateral in the normal operation of their business).

24.     If the Debtors cannot use cash collateral, they will be forced to cease operations. By contrast, granting the relief requested will allow the Debtors to maintain operations and preserve the going concern value of their business, which will inure to the benefit of any secured creditors and all other creditors.

25.     The Debtors believe that use of Cash Collateral pursuant to the terms and conditions set forth above is fair and reasonable and adequately protects the secured creditors in this case. The combination of: (i) the Debtors' ability to preserve the going concern value of the business with the use of cash collateral; and (ii) providing the Secured Creditors with post-petition replacement liens and other forms of relief, sufficiently protects the creditors' secured position under § 361(2) and (3).

26.     Furthermore, the Debtors believe approval of this Motion is in the best interest of the Debtors, their creditors and their estate because it will enable the Debtors to: (i) continue the orderly operation of their business and avoid an immediate total shutdown of operations; (ii) meet

their obligations for necessary ordinary course expenditures, and other operating expenses; and (iii) make payments authorized under other orders entered by this Court, thereby avoiding immediate and irreparable harm to the Debtors' estate.

27. For the foregoing reasons, approval of the Debtors' use of cash collateral is justified.

**WHEREFORE**, James M. Thompson Enterprises, Inc., James M. Thompson One, LLC, James M. Thompson Two, LLC, James M. Thompson Three, LLC, James M. Thompson Four, LLC, and James M. Thompson Cape Coral, LLC, respectfully request that this Court enter an order: (i) granting this Motion on an emergency interim basis; (ii) authorizing the Debtors' use of Cash Collateral in accordance with the Budget, and to provide related adequate protection therefor; (iii) permitting the Debtors to deviate from the Budget in the amount of ten percent (10%) to the extent necessary; (iv) scheduling a Final Hearing in order to authorize the Debtors' use of cash collateral; and (v) granting such other and further relief as this Court deems just and proper.

Dated:  October 1, 2019

Respectfully submitted,

**DAL LAGO LAW**

By: */s/ Michael R. Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 0102185
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108
Telephone: (239) 571-6877
E-mail:  mike@dallagolaw.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that a true and correct copy of the foregoing was electronically served through the Court's CM/ECF Noticing system upon entry to all attorneys of record and, to all parties on the attached mailing matrix not represented by Counsel, via First Class U.S. Mail, postage prepaid, this 1st day of October, 2019.

By: */s/ Michael R. Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 0102185

*Proposed Counsel for Debtors and Debtors-in-Possession*

Label Matrix for local noticing
113A-9
Case 9:19-bk-09351
Middle District of Florida
Ft. Myers
Tue Oct  1 15:20:03 EDT 2019

James M. Thompson Enterprises, Inc.
11328 Paseo Drive
Fort Myers, FL 33912-9151

1st Merchant Funding
1135 Kane Concourse
6th Floor
Bay Harbor Islands, FL 33154-2025

Compass Construction, Inc.
824 Lafayette Street
Cape Coral, FL 33904-9031

DMKA LLC
dba The Smarter Merchant
1115 Broadway
New York, NY 10010-3450

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Fox Capital Group
300 E. 56th Street
Suite 6J
New York, NY 10022-4137

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kadine Lyons
Negotiations Manager
Berkovitch & Bouskila, PLLC
80 Broad Street, Suite 3303
New York, NY 10004-2209

Kalamata Capital Group LLC
7315 Wisconsin Avenue
East Tower, Suite 550
Bethesda, MD 20814-3306

Michael R Dal Lago +
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
--------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients     10
Bypassed recipients      1
Total                   11

Label Matrix for local noticing
113A-9
Case 9:19-bk-09353
Middle District of Florida
Ft. Myers
Tue Oct  1 15:20:48 EDT 2019

James M. Thompson One, LLC
16520 S. Tamiami Trail
Suites 102 and 104
Fort Myers, FL 33908-4569

1st Merchant Funding
1135 Kane Concourse
6th Floor
Bay Harbor Islands, FL 33154-2025

ADP Fort Myers
12600 Corporate Lakes Drive
Fort Myers, FL 33913-7959

DMKA LLC
dba The Smarter Merchant
1115 Broadway
New York, NY 10010-3450

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Florida Dept. of Revenue
2295 Victoria Ave. #270
Fort Myers, FL 33901-3871

Fox Capital Group
300 E. 56th Street
Suite 6J
New York, NY 10022-4137

Gray Robinson
Attorneys at Law
PO Box 306
Orlando, FL 32802-0306

Huntington National Bank
8889 Pelican Bay Blvd
Suite 101
Naples, FL 34108-7503

Huntington National Bank
PO Box 182232 NC1W32
Columbus, OH 43218-2232

Huntington National Bank
c/o Sue McClary, VP
Special Assets Division
101 N Washington Avenue SAG5
Saginaw, MI 48607-1207

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kadine Lyons
Negotiations Manager
Berkovitch & Bouskila, PLLC
80 Broad Street, Suite 3303
New York, NY 10004-2209

Kalamata Capital Group LLC
7315 Wisconsin Avenue
East Tower, Suite 550
Bethesda, MD 20814-3306

LCA/Lease Corp of America
3150 Livernois Road
Suite 300
Troy, MI 48083-5000

RLR Investments
PO Box 271
Wilmington, OH 45177-0271

Sesac Music Licensing
35 Music Square East
Nashville, TN 37203-4362

SunTrust Bank
PO Box 4997
Orlando, FL 32802-4997

Sychrony
Kwik Comfort Financing
PO Box 965033
Orlando, FL 32896-5033

TWC Services, Inc.
PO Box 1612
Des Moines, IA 50306-1612

VBJ Consulting
dba Yarrow Financial
5100 Town Center Circle
Suite 301
Boca Raton, FL 33486-1049

World Global Capital
dba ABC Merchant Solutions
116 Nassau Street #804
New York, NY 10038-2481

Michael R Dal Lago +
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
----------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients    23
Bypassed recipients     1
Total                  24

Label Matrix for local noticing          James M. Thompson Two, LLC          1st Merchant Funding
113A-9                                    20041 S. Tamiami Trail              1135 Kane Concourse
Case 9:19-bk-09354                        Suite 9                            6th Floor
Middle District of Florida                Estero, FL 33928-2227              Bay Harbor Islands, FL 33154-2025
Ft. Myers
Tue Oct  1 15:22:08 EDT 2019

ADP Fort Myers                            DMKA LLC                           Department of Revenue
12600 Corporate Lakes Drive               dba The Smarter Merchant           PO Box 6668
Fort Myers, FL 33913-7959                 1115 Broadway                      Tallahassee FL 32314-6668
                                          New York, NY 10010-3450


Estero Ridge                              Florida Dept. of Revenue           Fox Capital Group
Owners Agency                             2295 Victoria Ave. #270            300 E. 56th Street
8713 Crest Lane                           Fort Myers, FL 33901-3871          Suite 6J
Fort Myers, FL 33907-4205                                                    New York, NY 10022-4137


Gray Robinson                             Huntington National Bank           Huntington National Bank
Attorneys at Law                          8889 Pelican Bay Blvd              PO Box 182232 NC1W32
PO Box 306                                Suite 101                          Columbus, OH 43218-2232
Orlando, FL 32802-0306                    Naples, FL 34108-7503


Huntington National Bank                  Internal Revenue Service           Kadine Lyons
c/o Sue McClary, VP                       P.O. Box 7346                      Negotiations Manager
Special Assets Division                   Philadelphia, PA 19101-7346        Berkovitch & Bouskila, PLLC
101 N Washington Avenue SAG5                                                 80 Broad Street, Suite 3303
Saginaw, MI 48607-1207                                                       New York, NY 10004-2209


Kalamata Capital Group LLC                LCA/Lease Corp of America          Sesac Music Licensing
7315 Wisconsin Avenue                     3150 Livernois Road                35 Music Square East
East Tower, Suite 550                     Suite 300                          Nashville, TN 37203-4362
Bethesda, MD 20814-3306                   Troy, MI 48083-5000


SunTrust Bank                             Sychrony                           TWC Services, Inc.
PO Box 4997                               Kwik Comfort Financing             PO Box 1612
Orlando, FL 32802-4997                    PO Box 965033                      Des Moines, IA 50306-1612
                                          Orlando, FL 32896-5033


VBJ Consulting                            World Global Capital               Michael R Dal Lago +
dba Yarrow Financial                      dba ABC Merchant Solutions         999 Vanderbilt Beach Road, Suite 200
5100 Town Center Circle                   116 Nassau Street #804             Naples, FL 34108-3512
Suite 301                                 New York, NY 10038-2481
Boca Raton, FL 33486-1049




            The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Note: Entries with a '+' at the end of the        End of Label Matrix
name have an email address on file in CMECF          Mailable recipients    23
---------------------------------------------        Bypassed recipients     1
Note: Entries with a '-' at the end of the           Total                  24
name have filed a claim in this case

Label Matrix for local noticing
113A-9
Case 9:19-bk-09355
Middle District of Florida
Ft. Myers
Tue Oct  1 15:22:42 EDT 2019

James M. Thompson Three, LLC
4631 SE 10th Place
Cape Coral, FL 33904-9168

1st Merchant Funding
1135 Kane Concourse
6th Floor
Bay Harbor Islands, FL 33154-2025

ADP Fort Myers
12600 Corporate Lakes Drive
Fort Myers, FL 33913-7959

Compass Construction, Inc.
824 Lafayette Street
Cape Coral, FL 33904-9031

DMKA LLC
dba The Smarter Merchant
1115 Broadway
New York, NY 10010-3450

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Discover
PO Box 6105
Carol Stream, IL 60197-6105

Florida Dept. of Revenue
2295 Victoria Ave. #270
Fort Myers, FL 33901-3871

Fox Capital Group
300 E. 56th Street
Suite 6J
New York, NY 10022-4137

Gray Robinson
Attorneys at Law
PO Box 306
Orlando, FL 32802-0306

Huntington National Bank
101 N. Washington Ave
SAG554
Saginaw, MI 48607-1207

Huntington National Bank
8889 Pelican Bay Blvd
Suite 101
Naples, FL 34108-7503

Huntington National Bank
PO Box 182232 NC1W32
Columbus, OH 43218-2232

Huntington National Bank
c/o Sue McClary, VP
Special Assets Division
101 N Washington Avenue SAG5
Saginaw, MI 48607-1207

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

James M. Thompson
11328 Paseo Drive
Fort Myers, FL 33912-9151

Kadine Lyons
Negotiations Manager
Berkovitch & Bouskila, PLLC
80 Broad Street, Suite 3303
New York, NY 10004-2209

Kalamata Capital Group LLC
7315 Wisconsin Avenue
East Tower, Suite 550
Bethesda, MD 20814-3306

LCA/Lease Corp of America
3150 Livernois Road
Suite 300
Troy, MI 48083-5000

Libertas Funding, LLC
382 Greenwich Avenue
Suite 2
Greenwich, CT 06830-6501

Sesac Music Licensing
35 Music Square East
Nashville, TN 37203-4362

SunTrust Bank
PO Box 4997
Orlando, FL 32802-4997

Sychrony
Kwik Comfort Financing
PO Box 965033
Orlando, FL 32896-5033

TWC Services, Inc.
PO Box 1612
Des Moines, IA 50306-1612

VBJ Consulting
dba Yarrow Financial
5100 Town Center Circle
Suite 301
Boca Raton, FL 33486-1049

Waste Pro
13110 Rickenbacker Pkwy
Fort Myers, FL 33913-8847

World Global Capital
dba ABC Merchant Solutions
116 Nassau Street #804
New York, NY 10038-2481

Michael R Dal Lago +
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)Note: Entries with a '+' at the end of the name have an email address on file in CMECF | End of Label Matrix |
| | Mailable recipients    28 |
| -------------------------------------------- | Bypassed recipients     1 |
| Note: Entries with a '-' at the end of the name have filed a claim in this case | Total    29 |

Label Matrix for local noticing
113A-9
Case 9:19-bk-09357
Middle District of Florida
Ft. Myers
Tue Oct  1 15:23:15 EDT 2019

James M. Thompson Four, LLC
9520 Marketplace Road
Fort Myers, FL 33912-0315

1st Merchant Funding
1135 Kane Concourse
6th Floor
Bay Harbor Islands, FL 33154-2025

ADP Fort Myers
12600 Corporate Lakes Drive
Fort Myers, FL 33913-7959

Azura Leasing
PO Box 258
Caledonia, MI 49316-0258

DMKA LLC
dba The Smarter Merchant
1115 Broadway
New York, NY 10010-3450

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Florida Dept. of Revenue
2295 Victoria Ave. #270
Fort Myers, FL 33901-3871

Fox Capital Group
300 E. 56th Street
Suite 6J
New York, NY 10022-4137

Gray Robinson
Attorneys at Law
PO Box 306
Orlando, FL 32802-0306

Gulf Coast Power and Light
200 Waldo Ave North
Lehigh Acres, FL 33971-6345

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

James M. Thompson
11328 Paseo Drive
Fort Myers, FL 33912-9151

John Davis
28901 Trails Edge Blvd
Suite 205
Bonita Springs, FL 34134-7588

Kadine Lyons
Negotiations Manager
Berkovitch & Bouskila, PLLC
80 Broad Street, Suite 3303
New York, NY 10004-2209

Kalamata Capital Group LLC
7315 Wisconsin Avenue
East Tower, Suite 550
Bethesda, MD 20814-3306

LCA/Lease Corp of America
3150 Livernois Road
Suite 300
Troy, MI 48083-5000

Marcus by Goldman Sachs
P.O. Box 45400
Salt Lake City, UT 84145-0400

Sesac Music Licensing
35 Music Square East
Nashville, TN 37203-4362

Sychrony
Kwik Comfort Financing
PO Box 965033
Orlando, FL 32896-5033

TWC Services, Inc.
PO Box 1612
Des Moines, IA 50306-1612

Teco Gas
PO Box 31318
Tampa, FL 33631-3318

Waste Pro
13110 Rickenbacker Pkwy
Fort Myers, FL 33913-8847

World Global Capital
dba ABC Merchant Solutions
116 Nassau Street #804
New York, NY 10038-2481

Michael R Dal Lago +
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
--------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25

```
Label Matrix for local noticing        James M. Thompson Cape Coral, LLC        DMKA LLC
113A-9                                  4631 SE 10th Place                       dba The Smarter Merchant
Case 9:19-bk-09358                      Cape Coral, FL 33904-9168                1115 Broadway
Middle District of Florida                                                       New York, NY 10010-3450
Ft. Myers
Tue Oct  1 15:23:45 EDT 2019

Department of Revenue                   Fox Capital Group                        Huntington National Bank
PO Box 6668                             300 E. 56th Street                       8889 Pelican Bay Blvd
Tallahassee FL 32314-6668               Suite 6J                                 Suite 101
                                        New York, NY 10022-4137                  Naples, FL 34108-7503



Huntington National Bank                Internal Revenue Service                 Kadine Lyons
c/o Sue McClary, VP                     P.O. Box 7346                            Negotiations Manager
Special Assets Division                 Philadelphia, PA 19101-7346              Berkovitch & Bouskila, PLLC
101 N Washington Avenue SAG5                                                     80 Broad Street, Suite 3303
Columbus, OH 43215-3851                                                          New York, NY 10004-2209


Kalamata Capital Group LLC              Libertas Funding, LLC                    World Global Capital
7315 Wisconsin Avenue                   382 Greenwich Avenue                     dba ABC Merchant Solutions
East Tower, Suite 550                   Suite 2                                  116 Nassau Street #804
Bethesda, MD 20814-3306                 Greenwich, CT 06830-6501                 New York, NY 10038-2481



Michael R Dal Lago +
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Note: Entries with a '+' at the end of the        End of Label Matrix
name have an email address on file in CMECF          Mailable recipients    12
-------------------------------------------          Bypassed recipients     1
Note: Entries with a '-' at the end of the           Total                  13
name have filed a claim in this case
```